**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**BATESVILLE DIVISION**

LISA RYAN MURPHY                                                          PLAINTIFF
ADC #760343

V.                                      NO: 1:15CV00044 JM/JWC

WENDY KELLY *et al.*                                                      DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge James

M. Moody Jr.  Any party may serve and file written objections to this recommendation.  Objections

should be specific and should include the factual or legal basis for the objection. Your objections

must be received in the office of the United States District Court Clerk no later than fourteen (14)

days from the date of the findings and recommendations.

Mail your objections to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

### DISPOSITION

Plaintiff Lisa Ryan Murphy, an Arkansas Department of Correction inmate, filed a *pro se*

complaint on April 1, 2015, alleging she was wrongly disciplined.

### I.  Screening

Before docketing the complaint, or as soon thereafter as practicable, the Court must review

the complaint to identify cognizable claims or dismiss the complaint if it: (1) is frivolous or

1

malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A. FED.R.CIV.P. 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." In *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555 (2007) (overruling *Conley v. Gibson*, 355 U.S. 41 (1967), and setting new standard for failure to state a claim upon which relief may be granted), the court stated, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment]to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do....Factual allegations must be enough to raise a right to relief above the speculative level," *citing* 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed. 2004). A complaint must contain enough facts to state a claim to relief that is plausible on its face, not merely conceivable. *Twombly* at 570. However, a *pro se* plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dept. of Corr. & Rehab.*, 294 F.3d 1043, 1043-1044 (8th Cir.2002) (citations omitted).

## II.  Analysis

According to Plaintiff's complaint, on December 30, 2014, she made a joking remark toward inmate Paige Tasby, and William Boyce charged her with a disciplinary violation for threatening Tasby. Plaintiff asserts that, after an investigation, Boyce, another officer who witnessed the incident, and their supervisor, decided to reduce the charge from a major disciplinary violation to a minor violation. However, Defendant Budnick, a warden, refused to reduce the disciplinary charge, allegedly in retaliation for prior lawsuits Plaintiff filed. Plaintiff accuses Alen, Dykes, and M. Culclager, of failing to sign off on the charge because of her prior lawsuits. Plaintiff contends Terry Banister, the hearing officer, failed to dismiss the defective disciplinary charge, and that

Wendy Kelly did not properly train her staff. Because Plaintiff has failed to state a claim upon which relief may be granted, her complaint should be dismissed.

A false disciplinary charge is not itself a constitutional violation. *See Sprouse v. Babcock*, 870 F.2d 450, 452 (8th Cir. 1989)(*citing Freeman v. Rideout*, 808 F.2d 949, 951-52 (2nd Cir. 1986), cert denied, 485 U.S. 982 (1988)). Although a disciplinary charge written in retaliation for constitutionally protected activities may be actionable, Plaintiff's conviction of the charges at issue in this case precludes any claim that the failure to reduce the charges was impermissibly retaliatory. The Eighth Circuit has held that "if the discipline which the prisoner claims to have been retaliatory was in fact imposed for an actual violation of prisoner rules or regulations, then the prisoner's claim that the discipline was retaliatory in nature must fail." *Goff v. Burton*, 7 F.3d 734, 738 (8th Cir. 1993). *See also Henderson v. Baird*, 29 F.3d 464, 469 (8th Cir.1994) (prison disciplinary committee's finding, based on corrections officer's description of events, that prisoner actually violated prison regulations essentially "checkmate[d]" prisoner's retaliation claim), cert. denied, 515 U.S. 1145 (1995); *Hartsfield v. Nichols*, 511 F.3d 826, 829-31 (8th Cir. 2008) (defendant may successfully defend retaliatory discipline claim by showing "some evidence" that inmate actually committed rule violation; report from correctional officer, even if disputed by inmate and supported by no other evidence, legally suffices as some evidence upon which to base prison disciplinary violation if violation is found by impartial decision maker).[1]

Finally, Plaintiff's claims that certain Defendants violated prison policies in the processing of her disciplinary charges should also be dismissed. *See Gardner v. Howard*, 109 F. 3d 427, 430

---

[1]Although Plaintiff claims Boyce wanted to reduce the charge, documents she provided with her complaint demonstrate that Boyce's report was the evidence upon which the hearing officer relied in finding Plaintiff guilty (docket entry #2, pages #10-#12).

(8th Cir. 1997)(no § 1983 liability for violation of prison policy).  Therefore, Plaintiff's complaint should be dismissed.

### III.  Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1.      Plaintiff's complaint be DISMISSED WITH PREJUDICE for failure to state a claim upon which relief may be granted.

2.      This dismissal count as a "strike" for purposes of 28 U.S.C. § 1915(g).

3.      The Court certify that an *in forma pauperis* appeal taken from the order and judgment dismissing this action is considered frivolous and not in good faith.

DATED this 9th day of April, 2015.

_____
UNITED STATES MAGISTRATE JUDGE